*1231 OPINION.
Lansdon:
In this appeal the taxpayers claim deductions from gross income for 1920 on account of obsolescence of good will resulting from war-time and national prohibition legislation. They seek to establish a substantial good will or intangible value in their property at March 1, 1913, by a statement of the invested capital and net earnings employed in and resulting from their business operations for the five years 1909 to 1913, inclusi ve. Even if, without other evidence, the value of intangibles can be properly computed from an analysis of capital and net earnings covering a period of years, the showing made by the taxpayers is wholly insufficient for their purpose. A substantial part of the net earnings, practically one-half, adduced as a basis for intangible value, resulted from operations during the year 1913. Prior to that year no good will value is indicated by the earnings. The increased income for 1913 may have been attributable to the earning power of intangibles developed prior thereto, but the taxpayer offered no evidence upon which we can base such a conclusion.
Several factors essential to the determination of good will value by a scrutiny of financial results are overlooked or ignored by the taxpayers. The business in question was conducted as a partnership. We are unable to determine from the evidence whether the amounts set out as net earnings are remainders after payment of reasonable compensation to partners who devoted their time to the operation of the enterprise. We are also without information as to the value of the tangible assets employed in the business. The amounts set forth are designated as capital, with nothing to indicate their net worth after the deduction of borrowed assets. In the consideration of a similar problem in the Appeal of Edwin Schiele Distilling Co., 3 B. T. A. 873, we have held that earnings of a *1232 partnership are subject to reasonable reduction on account of salaries to partners actively employed in the business, and that due consideration must be given to the use of borrowed"capital. After careful consideration of the evidence offered by the taxpayers, we are of the opinion, therefore, that no value of intangibles as of March 1, 1913, has been established. ■
The taxpayers having failed to prove their ownership of any intangibles or good will inherent in their business at March 1, 1913, the Board deems it unnecessary to consider the remaining issues raised.

The deficiencies are $35,371.94 as to Robert Thai, and $37,361 as to Gustav Thai. Order will be entered accordingly.